UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARKNINJA OPERATING LLC, | ) <br> ) <br> ) Case No.: _____ |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| ZYN TRADING LLC d/b/a AMAZON RESELLER "ZYN TRADING LLC (SERIAL NUMBER RECORDED)," | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, SharkNinja Operating LLC ("Plaintiff" or "SharkNinja") by and through its undersigned counsel, complains of Defendant ZYN Trading LLC's d/b/a Amazon Reseller "ZYN Trading LLC (Serial Number Recorded)" ("Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. This is an action for unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq*., as well as a related state law claim arising from Defendant's improper and unauthorized sale of SharkNinja Products, false advertising, and unfair and deceptive business practices.

2. SharkNinja designs, manufactures, and sells a variety of household and cleaning products and accessories under the "Shark" and "NINJA" brand names (the "SharkNinja Products").

3. This case concerns Defendant's wrongful, unauthorized promotion and sale of SharkNinja Products on the Internet. As described in more detail below, Defendant has and

continues to falsely advertise the SharkNinja Products it offers for sale and sells, all without authorization, through online commerce sites, including, but not limited to, Amazon.com.

4. Specifically, Defendant falsely advertises that the SharkNinja Products it offers for sale and sells are in "new" condition.

5. As a preliminary matter, Amazon.com's announced Terms and Conditions require that products advertised in "new" condition carry the manufacturer's warranty. By advertising and offering for sale SharkNinja Products as "new" on Amazon.com, Defendant is representing to consumers that the SharkNinja Products they purchase from Defendant are protected by the SharkNinja Warranties. However, only SharkNinja Products purchased directly from SharkNinja or an Authorized Internet Reseller qualify for the SharkNinja Warranties. SharkNinja has never authorized Defendant to resell its products and Defendant is not an Authorized Internet Reseller of SharkNinja Products. Therefore, the SharkNinja Products Defendant offers for sale and sells are not "new" and covered by the SharkNinja Warranties as advertised.

6. Moreover, despite advertising and offering for sale SharkNinja Products in "new" condition, the SharkNinja Products Defendant actually sells and delivers to consumers are, in fact, used and/or returned products in damaged condition that have been purchased and sold once previously, and, therefore, are used and not "new" as Defendant advertises.

7. Defendant falsely advertises to consumers on Amazon.com that the SharkNinja Products it offers for sale are "new" and, thus, protected by the SharkNinja Warranties, in a scheme to deceive consumers into believing that Defendant's SharkNinja Products are the same as those sold by SharkNinja or its Authorized Internet Resellers, when they are not.

8. Consumers are likely to be and have been actually confused by Defendant's sale of SharkNinja Products that are being falsely advertised as "new" products when they are, in fact, used products not protected by the SharkNinja Warranties.

9. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and SharkNinja.

10. As a result of Defendant's actions, SharkNinja is suffering a loss of the enormous goodwill that SharkNinja has created in the SharkNinja brands and SharkNinja Products and is losing profits from lost sales of SharkNinja Products. This action seeks permanent injunctive relief and damages for Defendant's trademark infringement and unfair competition.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

12. This Court also has supplemental jurisdiction over SharkNinja's state law claim under 28 U.S.C. § 1367(a).

13. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws c. 223A §3 because (a) Defendant has sold numerous products into the Commonwealth and this District; (b) Defendant has caused tortious injury to SharkNinja within the Commonwealth and this District; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendant regularly conducts or solicits business within the Commonwealth and this District; (e) Defendant regularly and systematically directs electronic activity into the Commonwealth and

this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendant enters into contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

14. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

15. Plaintiff SharkNinja Operating LLC is a Massachusetts limited liability company with its principal place of business in Needham, Massachusetts. SharkNinja markets and sells its products in the United States under the "Shark" and "NINJA" brand names.

16. Upon information and belief, Defendant Amazon Seller ZYN Trading LLC d/b/a Amazon Reseller "ZYN Trading LLC (Serial Number Recorded)" is a California limited liability company with its principal place of business located at 785 Camino Del Sur, Apt. 40, Goleta, CA 93117. Defendant does business or has done business within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "ZYN Trading LLC (Serial Number Recorded)." Defendant is an unauthorized reseller of SharkNinja Products.

## FACTS

*SharkNinja Products*

17. SharkNinja is recognized throughout Massachusetts, the United States, and the world as a leading manufacturer of household and cleaning products and accessories.

18. SharkNinja sells its products to consumers through a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

19. Only SharkNinja products purchased from SharkNinja directly, or through an Authorized Internet Reseller, qualify for SharkNinja's warranty policies (the "SharkNinja Warranties").

20. For example, the Shark One (1) Year Limited Warranty states:[1]

> **ONE (1) YEAR LIMITED WARRANTY**
> The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

21. As another example, the NINJA One (1) Year Limited Warranty contains nearly identical language:[2]

> **ONE (1) YEAR LIMITED WARRANTY**
> The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

22. Through advertising and promotional efforts, customers throughout Massachusetts, the United States, and the world recognize the SharkNinja name and logo, upon which they rely for high quality products and attentive customer service.

23. SharkNinja has invested and has expended significant time and effort in advertising and promoting its SharkNinja Products and developing its Authorized Internet Reseller Network. As a result of such advertising and promotion, SharkNinja has established substantial goodwill and widespread recognition in the SharkNinja Products, which have become associated exclusively

---

[1] *Available at*: https://www.sharkclean.com/warranty/1-year-limited-warranty/
[2] *Available at*: https://www.ninjakitchen.com/warranty/1-year-limited-warranty/

with SharkNinja and its products by both customers and potential customers, as well as with the general public at large.

***Defendant's False Advertising and Other Misconduct***

24. SharkNinja has never authorized Defendant to resell its SharkNinja Products. Defendant is not an Authorized Internet Reseller of SharkNinja Products.

25. Despite this, Defendant is currently selling SharkNinja Products on various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "ZYN Trading LLC (Serial Number Recorded)."

26. The SharkNinja Products that Defendant sells online through Amazon.com are advertised as being in "new" condition.

27. The below is an example of Defendant's product listings advertising SharkNinja Products:





28. To advertise its SharkNinja Products, Defendant represents to consumers that "[a]ll new merchandise sent from us is unopened and of high quality." Specifically:

> **About Seller**
> ZYN trading LLC is committed to providing each customer with the highest standard of customer service.
> ***OUR STORE IS NOT FOR FREE TRIAL. RESTOCKING FEE and SHIPPING FEE will be charged depending on the actual condition of the returned item we received.***
> All new merchandise sent from us is unopened and of high quality. By placing an order with us or submitting your returns, **you indicate that you have read and agree to the following return policies and conditions**. All returns will be carefully examined and tested upon receipt by our technical team.

29. However, Defendant falsely advertises the SharkNinja Products it sells online through Amazon.com.

30. The SharkNinja Products that Defendant offers for sale and sells online are falsely advertised as being in "new" condition.

31. As a preliminary matter, Defendant is prohibited from selling "new" SharkNinja Products on Amazon.com pursuant to Amazon's announced Terms and Conditions, which require that "new" products carry the manufacturer's warranty. The SharkNinja Warranties are limited to "purchases made from authorized retailers of SharkNinja Operating LLC." Because Defendant is not a SharkNinja Authorized Internet Reseller, the SharkNinja Warranties exclude products sold by unauthorized resellers, including Defendant. Therefore, the SharkNinja Products Defendant offers for sale and sells are not "new" and protected by the SharkNinja Warranties as advertised.

32. Further, Defendant represents that the SharkNinja Products it lists for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are used and/or returned products or products bought at liquidation, rather than in "new" condition.

33. The SharkNinja Products sold by Defendant are often delivered to and received by consumers in damaged packaging, further evidencing that the SharkNinja Products offered for sale and sold by Defendant are used and/or returned products or products bought at liquidation, rather than in "new" condition. For example, below are photographs of an actual SharkNinja Product received from Defendant:






8

34. Defendant intentionally advertises and sells SharkNinja Products in ways that are likely to deceive consumers and create consumer confusion.

35. Defendant's continued advertisement, display, and sale of SharkNinja Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, SharkNinja and its relationships with consumers and its Authorized Internet Resellers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

36. Defendant's actions substantially harm SharkNinja by placing used and/or returned, unwarranted, and falsely advertised SharkNinja Products into the stream of commerce in the United States.

37. Defendant's sale of used and/or returned SharkNinja Products in damaged condition that have been purchased and sold once previously is likely to cause—and has caused—consumer confusion and disappointment regarding SharkNinja's sponsorship or approval of those products.

38. Defendant's sale of SharkNinja Products without the corresponding SharkNinja Warranties is likely to cause—and has caused—consumer confusion and disappointment regarding SharkNinja's sponsorship or approval of those products.

39. Defendant's actions substantially harm SharkNinja and consumers who ultimately purchase Defendant's used and/or returned, unwarranted, and falsely advertised SharkNinja Products believing them to be "new" products protected by the SharkNinja Warranties, as they would receive from SharkNinja or an Authorized Internet Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

40. Defendant's actions substantially harm SharkNinja's goodwill and reputation when consumers learn that the SharkNinja Products they have purchased are 1) used and/or returned

SharkNinja Products in damaged condition that have been purchased and sold once previously; and 2) not protected by the SharkNinja Warranties.

41. Defendant's conduct results in consumer confusion as well as the dilution of SharkNinja's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

42. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. Specifically:

> ★☆☆☆☆ "On 8/19 I ordered a new Shark RV1001AE robot vacuum. I received is another customer's retuned and repackaged item. The outer box was a makeshift home made cardboard box. However to give the merchant the benefit of the doubt I open the box to see if the item was a factory packed product alas it was not. I'm still waiting for the merchant to do the right thing and send me a prepaid return label"
> Read less
> By Al on August 28, 2022.

> ★☆☆☆☆ "Avoid this company at all cost. My shark vacuum arrived and the packaging and vacuum was soaking wet. Not a little bit but soaked! I took a chunk of the packaging material and was able to squeeze a ton of water out of it! For a high quality vacuum this is unacceptable. I returned the vacuum as defective and they charged me a restocking fee! Horrible customer service and company.........."
> Read less
> By Charles G. on January 26, 2023.

> ★☆☆☆☆ "Do not buy from this seller. Sent us a vacuum missing the handle and hose. Sent back and they charged a restocking fee of 20% of the total cost. DO NOT USE"
> By Brent Winegar on January 18, 2023.

> ★☆☆☆☆ "The product came damaged and this seller is trying to keep my money! Do not purchase from this seller or Amazon!"
> By vitnaska on January 11, 2023.

> ★☆☆☆☆ "Item arrived damaged and not working. Seller refused to give me a full refund. I was charged a $57 restocking fee for something they had no business selling. Total scam. Don't buy from them."
> Read less
> By Charles V Uhnavy on November 4, 2022.

> ⭐☆☆☆☆ "Box was busted up and obviously taped up before it was shipped out, was it something returned previously? I'll be surprised if it works and does not have damage..."
> Read more
> By Ole on September 30, 2022.

> ⭐☆☆☆☆ "Package came damaged and open and when I looked inside with the items it looked like they were all used"
> By Vincent on August 8, 2022.

43.     The sale of SharkNinja Products by unauthorized resellers, such as Defendant, interferes with SharkNinja's ability to control the quality of SharkNinja Products sold to consumers.

44.     Defendant's conduct results in the lessening of sales of authorized and properly advertised SharkNinja Products to the detriment of SharkNinja.

45.     Defendant's conduct results in the lessening of sales of "new" SharkNinja Products to the detriment of SharkNinja.

46.     As a result of Defendant's actions, SharkNinja is suffering the loss of substantial goodwill and widespread recognition in the SharkNinja brands and SharkNinja Products.

47.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to SharkNinja's irreparable harm.

## COUNT I
## Unfair Competition and False Advertising in Violation of 15 U.S.C. § 1125

48.     SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     This is a claim for unfair competition and false advertising under 15 U.S.C. § 1125.

50.     SharkNinja engages in interstate activities designed to promote its goods and services sold throughout the United States.

51.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to SharkNinja and its goods and services, and/or falsely represent the nature, qualities, and characteristics of the SharkNinja Products sold by Defendant in violation of 15 U.S.C. § 1125.

52.     Defendant's advertisement and sale of SharkNinja Products as alleged herein constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

53.     Defendant's advertisement and sale of SharkNinja Products as alleged herein intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services.  Specifically, Defendant's unauthorized advertisement and sale of SharkNinja Products intentionally misrepresents to consumers that Defendant's SharkNinja Products are "new" products protected by the SharkNinja Warranties.

54.     Defendant's advertisement and sale of SharkNinja Products as alleged herein creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to SharkNinja's goodwill and reputation in the SharkNinja brands and SharkNinja Products, for which SharkNinja has no adequate remedy at law.

55.     Defendant's advertisement and sale of SharkNinja Products to mislead and deceive consumers into believing that the SharkNinja Products sold by Defendant are "new" and covered by the SharkNinja Warranties demonstrates an intentional, willful, and malicious intent to trade

on the goodwill associated with the SharkNinja brands and SharkNinja Products, thereby causing immediate, substantial, and irreparable injury to SharkNinja.

56.     As a direct and proximate result of Defendant's actions, SharkNinja has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, SharkNinja's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, SharkNinja is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

57.     SharkNinja is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

58.     SharkNinja is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition Under G.L. c. 93A

59.     SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.     SharkNinja and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

61.     As detailed above, Defendant's continued trademark infringement and false advertising of SharkNinja products constitutes an unfair and deceptive business practice.

62.     Defendant's acts have irreparably harmed SharkNinja and, unless enjoined, will continue to do so in a manner affording SharkNinja no adequate remedy at law.

63.     Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

**RELIEF REQUESTED**

WHEREFORE, SharkNinja prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

   a. using, or attempting to use, any of the SharkNinja intellectual property;

   b. acquiring, or taking any steps to acquire, any SharkNinja Products;

   c. selling, or taking any steps to sell, any SharkNinja Products;

   d. engaging in any false or misleading advertising with respect to SharkNinja products, which relief includes, but is not limited to, prohibiting the offer for sale or sale of any SharkNinja products;

   e. engaging in any activity constituting unfair competition with SharkNinja; and

   f. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Adjudge Defendant to have violated 15 U.S.C. § 1125(a) by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the SharkNinja products sold by it;

C. Adjudge Defendant to have violated Mass. Gen. Laws ch. 93A;

D.  Award SharkNinja its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

E.  Award SharkNinja Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

F.  Award SharkNinja its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

G.  Award SharkNinja pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.  Award SharkNinja the costs incurred in bringing this action; and

I.  Grant SharkNinja such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

SharkNinja hereby requests trial by jury on all claims so triable.

Respectfully submitted,

Plaintiff,

SHARKNINJA OPERATING LLC,

by its attorneys,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO# 667290)
morgan.nickerson@klgates.com
Michael R. Murphy (BBO # 671816)
michael.r.murphy@klgates.com
Jack S. Brodsky (BBO # 696683)
jack.brodsky@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

Dated: March 10, 2023